IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WALLACE MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:06-cv-00621 |
| ) | Judge Thomas A. Wiseman, Jr. |
| RIVERGATE ACQUISITIONS, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Before the Court is Plaintiff Wallace Mitchell's Motion to Dismiss and Remand to General Sessions Court (Doc. No. 10) filed on August 14, 2006. Defendant Rivergate Acquisitions, Inc. filed a response to Plaintiff's Motion (Doc. No. 13) on August 28, 2006. This matter was initially filed in General Sessions Court and was removed by Defendant from General Sessions to this Court based on 28 U.S.C. § 1332. Plaintiff supports his motion to dismiss on the assertion that the amount in controversy requirement of 28 U.S.C. § 1332 is not met in this matter. As discussed below, the Court disagrees and will, therefore, deny the motion.

**Factual and Procedural Background**

Plaintiff owns real property located at 1201 Gallatin Pike, Madison, Tennessee 37115, which was leased to Crystal Sales, Inc. ("Crystal") on August 1, 1998 pursuant to a written Lease Agreement ("Lease"). The Lease had a five-year initial term and an original termination date of July 31, 2003. The tenant, however, also had the option to renew the Lease for four (4) additional periods. On June 15, 2005, Crystal assigned the Lease to Defendant. Plaintiff now claims that, prior to the assignment of the Lease from Crystal to Defendant, Crystal had not effectively exercised its right to renew the Lease, thus making the assignment from Crystal to Defendant invalid and making the Defendant a month-to-month tenant. Defendant asserts that the Lease had been renewed, thus making the assignment from Crystal to Defendant valid. Furthermore, since June of 2005, Defendant has operated a Kia automobile dealership on the premises and has paid rent to Plaintiff pursuant to the terms of the Lease. Defendant claims that it is operating under a valid lease and should be allowed to remain on the land.

On June 6, 2006, Plaintiff filed a detainer action in the General Sessions Court of Davidson County

seeking to remove Defendant from his property. Plaintiff did not claim any monetary damages associated with Defendant's alleged wrongful detainer. Notwithstanding, Defendant removed the matter to this Court under 28 U.S.C. § 1332, stating that the parties are diverse and that the $75,000 amount in controversy requirement is met in this case. Defendant bases the amount in controversy on the monetary value of the improvements that Defendant has made to the land. Defendant values these improvements at over $360,000. After removal, Plaintiff filed this Motion to Dismiss and Remand to General Sessions claiming that, because he does not seek monetary damages, there is no amount in controversy and the case should be dismissed due to lack of jurisdiction.

## Discussion

28 U.S.C. § 1332 states in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between–
> (1) citizens of different states;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state . . . as plaintiff and citizens of a State or different States.

28 U.S.C. § 1332(a). In the present case, there is no question that the parties are diverse: Plaintiff is a citizen of Tennessee and Defendant is a Florida corporation. The amount in controversy, however, is at issue.

Plaintiff in this case is seeking no monetary damages; he is merely trying to remove Defendant from his land. Defendant maintains that if Plaintiff is successful in this case, Defendant will suffer damages well in excess of $75,000. The question then, is whether the Court may take Defendant's potential damages into account in deciding whether the amount in controversy is sufficient for purposes of 28 U.S.C. § 1332.

It is well established that in cases where no money damages are sought, the amount in controversy is determined by the "value of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1997). In *Hunt*, the Plaintiffs were Washington State apple growers who contested the passage of a North Carolina statute prohibiting the entry of apples into North Carolina that were labeled with a state grading system. The North Carolina statute mandated that the apples be labeled with a USDA grade or no grade at

all. Because of this change, Washington apples growers would have had to abandon their grading and labeling system in order to sell apples in North Carolina. The Supreme Court stated that "with claims for injunctive relief, it is well established that the amount in controversy is measured by the value of the litigation." *Id.* The Court reasoned that "the value of the apple growers' right to conduct business in North Carolina is measured by the losses that will follow from the statute's enforcement." *Id.* Following this reasoning, the Court held that the potential losses that the apple growers faced if the statute were enforced was enough to reach the statutory minimum. *Id.* at 348.

Interpretation of the Supreme Court's "value of the litigation" test varies from circuit to circuit, the main difference in the interpretation being whether the "value of the litigation" should be measured by the loss to the plaintiff, to the defendant, or to either party. *See, e.g.*, *Kheel v. Port of N.Y. Auth.*, 457 F.2d 46, 48-49 (2nd Cir. 1972) (measuring the amount in controversy by the potential loss to the plaintiff); *City of Moore, Okl. v. Atchison, Topeka, & Santa Fe Ry. Co.*, 699 F.2d 507 (10th Cir. 1983) (measuring the amount in controversy by the potential loss to either the plaintiff or the defendant). Although the Sixth Circuit has not expressly considered the issue, at least one unpublished case suggests that the value of the litigation can be measured by the potential loss to either the plaintiff or the defendant that could result from the litigation. *See Lodal, Inc. v. Home Ins. Co. of Ill.*, 1998 WL 393766, at *1 (6th Cir. June 12, 1998) ("[W]here a party seeks declaratory judgement, the amount in controversy is not necessarily the money judgement sought or recovered, but the value of the consequences which may result from the litigation."). In *Lodal*, the Sixth Circuit used the plaintiff's potential loss to value the amount in controversy, but it seems apparent from the language of the opinion that either party's potential loss is a valid way to measure the amount in controversy. *Cf. Found. for Interior Design Educ. Research v. Savannah College of Art and Design*, 39 F. Supp. 2d 889, 895 (W.D. Mich. 1998) (interpreting *Lodal* to mean that "the amount in controversy in a declaratory judgment action may be measured by the 'pecuniary result to either party which that judgment would produce' " (quoting *Gov't Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964))).

This Court is persuaded by *Foundation* and believes that the Sixth Circuit would use the potential loss to the Defendant when valuing the amount in controversy in the present case. If Plaintiff is successful

Case 3:06-cv-00621   Document 17   Filed 10/10/06   Page 3 of 4 PageID #: 124

in this suit, Defendant stands to lose the value of the improvements Defendant has made to the land. And while the Defendant will eventually forfeit the use of the improvements even if it prevails, due to the fact that the Defendant is merely a tenant, it appears that the value of the use of the improvements over the potential life of the lease will likely amount to over $75,000.

## Conclusion

Based upon the potential loss to the Defendant in this matter, this Court finds that the $75,000 amount in controversy requirement set forth in 28 U.S.C. § 1332 is met. Therefore, Plaintiff's Motion to Dismiss and Remand to General Sessions will be denied.

An appropriate order will enter.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge